UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROB KAINTZ, individually
and on behalf of all others
similarly situated,**

 **Plaintiff,**

v.             CASE NO:  8:20-cv-2115-VMC-AAS

**THE GOODMAN GROUP, INC.,**

 **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On April 2, 2021, the court granted preliminary approval of the proposed Class Action Settlement ("Settlement") set forth in Plaintiff's Unopposed Motion for Preliminary Approval of their Class Settlement Agreement (the "Settlement Agreement").  (Doc. 35).  The court provisionally certified the case for Settlement purposes, approved the procedure for giving Class Notice to the Settlement Class Members, and set a final approval hearing to take place on August 9, 2021.

Following the final fairness hearing, held on August 9, 2021, the court finds that the Notice to the Settlement Class substantially in the form approved by the court in its Preliminary Approval Order was given in the manner ordered by the court, constitutes the best practicable notice, and was fair, reasonable, and adequate.  As such, it is **RECOMMENDED:**

 1. Plaintiff's Unopposed Motion for Final Approval of the Parties' Class

Action Settlement (Doc. 36) be **GRANTED**.

2. All defined terms contained have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the court.

3. The court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment. Furthermore, the Class Representative and Class Members have Article III standing.

4. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the parties had engaged in an all-day mediation session assisted by an experienced neutral class action mediator, and only after counsel for both sides exchanged information on the claims and class size. Furthermore, Plaintiff retained counsel well-versed in the law pertaining to COBRA notice cases on a class basis. Counsel for parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, considering the expense, risk, and uncertainty of protracted litigation.

5. The prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b), as well as Fed. R. Civ. P. 23(e), have been satisfied for settlement purposes only for each Settlement Class Member

6. Under Fed. R. Civ. P. 23, the court certify the Settlement Class, as

identified in the Settlement Agreement.

7. The court find the requirements of the Class Action Fairness Act have been satisfied.

8. The court appoint attorneys Luis A. Cabassa and Brandon J. Hill of the law firm Wenzel Fenton Cabassa, P.A., and Chad A. Justice from the Justice for Justice law firm, as class counsel.

9. Named Plaintiff Rob Kaintz continue serving as the Class Representative.

10. The court make these findings on Notice to the Settlement class:

(a) The distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of, among other things, the pendency of the action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b) The Class Notice and methodology set forth in the Settlement

Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members under the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

11. The Settlement Agreement be approved in all respects as fair, reasonable and adequate under Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all Exhibits thereto, be approved as fair, reasonable, and adequate as to, and in the best interests of, each of the parties and the Settlement Class Members.

12. Approve the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

13. Order the parties to implement and consummate the Settlement Agreement according to its terms and provisions.

14. Under Fed. R. Civ. P. 23(h), and consistent with the Eleventh Circuit's decision in *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("Henceforth in this circuit, attorneys' fees awarded from a common fund

shall be based upon a reasonable percentage of the fund established for the benefit of the class"), award Class Counsel Attorney's Fees and Expenses in the amount of one-third of the gross Settlement Fund ($37,466.66) payable pursuant to the terms of the Settlement Agreement, plus $478.45 in reasonable litigation costs.

15. Except for the three class members who timely submitted requests for exclusion (*see* Exhibit A to Keith Salhab declaration, specifically identifying opt-outs submitted by class members Kathy Zaldokas, Mark Fisher, and Jee Irene Estavilla), the terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, be forever binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

16. Without further order, the Settling Parties may agree to reasonably necessary extensions of time to carry out the provisions of the Settlement Agreement.

17. This action, including all individual claims and class claims presented herein, be dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

18. The court maintain jurisdiction over this case to enforce the terms and conditions of the Settlement Agreement if needed.

**ENTERED** in Tampa, Florida on August 9, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1. The parties stated at the Final Fairness Hearing that neither side objects to this Report and Recommendation and that they intend to file notices of non-objection. (*See* Doc. 44).